IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )   Case No. CR-13-10-RAW
)
ANTHONY DEXTER WASHINGTON, II, )
a.k.a. Tony Washington, and )
MAURICE ELON EDWARDS, )
)
    Defendants. )

# ORDER

Before the Court is the motion of defendant Washington for severance. He and co-defendant Edwards are charged in a single-count indictment with possession with intent to distribute controlled substances. Movant contends he should be granted severance because he denies any knowledge of the existence of the controlled substances in the automobile that led to the indictment, and thus his defense will be mutually antagonistic to that of defendant Edwards.

Rule 8(b) F.R.Cr.P. (which permits an indictment to charge two or more defendants) expresses the preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Rule 14(a) F.R.Cv.P. provides that a court may sever the trial of more than one defendant if joinder appears to prejudice a defendant or the government. Severance is required only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Id.* at 539. The burden is on the

defendant to show this serious risk. *See United States v. Thornburgh,* 645 F.3d 1197, 1212 (10th Cir.2011). Mutually antagonistic defenses are not prejudicial per se. *Id.*

The court finds defendant has failed to meet this burden. The jury will be instructed to consider the guilt or innocence of each defendant separately. There is no indication that the acceptance of Washington's defense would tend to preclude the acquittal of his co-defendant. *See United States v. McClure,* 734 F.2d 484, 488 n.1 (10th Cir.1984). A severance may be required under *Bruton v. United States,* 391 U.S. 123 (1968) where a co-defendant's statement inculpating the defendant is admitted into evidence. Even then, the exception is a narrow one, applying "only in those few contexts where the statement is so inculpatory as to the defendant that the practical and human limitation of the jury system cannot be ignored." *United States v. Sarracino,* 340 F.3d 1148, 1160 (10th Cir.2003). No reference to such a statement appears in the present motion.

It is the order of the court that the motion of the defendant Washington for severance (#30) is hereby DENIED.

**ORDERED THIS 18th DAY OF APRIL, 2013.**


**Dated this 18th day of April, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma